FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SPOKANE RIVERKEEPER,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF SPANGLE,<br><br>    Defendant. | No. 2:21-CV-00275-SAB<br><br>**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** |

Before the Court is the parties' Joint Motion for Entry of Consent Decree, ECF No. 25. Plaintiff is represented by Richard Smith, Katelyn Kinn, and Savannah Rose. Defendant is represented by Megan Clark and Michael Connelly. The motion was considered without oral argument.

The parties notified the Court they have reached a settlement and request the Court enter the following Consent Decree in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion for Entry of Consent Decree, ECF No. 25, is **GRANTED**.

2. All deadlines, motions, hearings, and the trial date are **STRICKEN**.

**The Court enters the stipulated Consent Decree as follows:**

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 1

## I.  STIPULATIONS

**WHEREAS**, Plaintiff Spokane Riverkeeper ("Riverkeeper") filed a complaint on September 14, 2021, ECF No. 1, against defendant Town of Spangle ("Spangle") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, et seq., relating to discharges of stormwater and other pollutants from Spangle's wastewater treatment plant at or about 47.4341°N, 117.3845°W (the "Facility"), and any contiguous or adjacent properties owned or operated by Spangle, to Spangle Creek, and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

**WHEREAS**, Riverkeeper and Spangle (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

**WHEREAS**, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Riverkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

## II.  ORDER AND DECREE

**THIS MATTER** came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES** as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3. This Consent Decree applies to and binds the Parties and their successors and assigns.

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 2

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Spangle of the Facility.

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251–1387, arising from operation of the Facility. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. Spangle's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims Riverkeeper and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Riverkeeper's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Spangle or its contractors, customers, or other third parties. Spangle agrees to the terms and conditions identified below in paragraphs 7–9 in full and complete satisfaction of all the claims covered by this Consent Decree:

7. Upon entry of the Consent Decree, Spangle will implement the following injunctive relief:

    a. Spangle will adhere to the requirements of the Clean Water Act at the Facility and the terms and conditions of NPDES Permit No. WA0991010 (the "Permit") and any successor or modified versions of the NPDES permits.

    b. For a period of five (5) years from the date of entry of this

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 3

Consent Decree, Spangle will, on a quarterly basis, electronically forward to Riverkeeper copies of all communications or documents provided to and/or received from Ecology related to the Facility's compliance with the Permit on a quarterly basis for the life of the Consent Decree.

c. Spangle will comply with the following Permit deadlines, as set forth below, unless otherwise modified by the Washington State Department of Ecology, submitting reports and verifications of compliance to Washington State Department of Ecology and sending a copy of the same to Riverkeeper:

　　i.　S1.A. Submit a Best Management Plan no later than January 31, 2027.

　　ii.　S4.E. Infiltration and Inflow Evaluation: Submit report summarizing results of evaluation and including recommendations for corrective actions no later than February 1, 2027.

　　iii.　S4.E.3 Submit I&I Capital Improvement Plan and Construction Schedule no later than July 31, 2026.

　　iv.　S5.A Submit Operator Certification Renewal Card no later than May 15 each year.

　　v.　S5.G Submit Operations and Maintenance Manual Update no later than March 1, 2026.

　　vi.　S9.1 Submit Engineering Docs no later than March 1, 2029.

　　vii.　S10 Task 1: Install Effluent Temperature Thermistor no later than March 1, 2026.

　　viii.　S10 Task 2: Install Effluent Dissolved Oxygen Probe no later than March 1, 2026.

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 4

        ix.    S11 Task 1: Submit Annual Temperature Limit Compliance Report no later than March 1, 2026.

        x.    S11 Task 2: Submit Annual Dissolved Oxygen Compliance Report no later than March 1, 2026.

        xi.    S12.4 Receiving Water Study Final Report no later than March 1, 2029.

        xii.    Comply with Effluent Limit for Temperature 7DADMax Final Average Monthly (June 18.2 °C, July 21.5 °C, Aug 17.7 °C) no later than March 1, 2035.

        xiii.    Comply with Effluent Limit for Dissolved Oxygen Average Monthly Minimum Limit (8 mg/L) no later than March 1, 2035.

d.    Spangle will comply with the following accelerated deadline:

        i.    S12.1 Submit Receiving Water Study QAPP no later than September 1, 2025.

e.    Budget allocations. For each deadline described above, Spangle will complete its budget allocation for that item no later than eight months prior to the deadline.

f.    Requests for Proposals: For each deadline described above for which a Request for Proposal ("RFP") is required, Spangle will issue the RFP to prospective contractors no later than six months prior to the deadline.

g.    Construction Permits: For each deadline described above for which a construction permit is required, Spangle will ensure that it has submitted all necessary permit application materials no later than one year prior to the deadline, and thereafter must agree to respond promptly to all requests for additional information from permitting authority within 14 days.

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 5

8. Payment of Civil Penalties: Within thirty (30) days of entry of this Consent Decree, Spangle will pay $2,500 (TWO THOUSAND FIVE HUNDRED DOLLARS) to the United States Treasury. Spangle will notify the Joseph Manning, Joseph.Manning@usdoj.gov, and Bryn Bowen, Bryn.Bowen@usdoj.gov, at the United States Department of Justice when the consent decree is entered in order to receive instructions on how to submit payment to the Treasury. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Spokane Riverkeeper v. Town of Spangle. E.D. Wash. No. 2:21- cv-00275-SAB." Spangle will send a copy of the check and cover letter, if any, to Riverkeeper and its counsel, pursuant to the notice provisions in paragraph 18.

9. Within ten (10) days of entry of this Consent Decree by the Court, Spangle will pay $29,000 (TWENTY-NINE THOUSAND DOLLARS) to Riverkeeper to cover Riverkeeper's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith.

10. A force majeure event is any event outside the reasonable control of Spangle that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Spangle timely notifies Riverkeeper of the event, the steps that Spangle will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. Spangle will notify Riverkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 6

after Spangle becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

        By way of example and not limitation, force majeure events include

        a.     Acts of God, war, insurrection, or civil disturbance;

        b.     Earthquakes, landslides, fire, floods;

        c.     Actions or inactions of third parties over which Spangle has no or limited control;

        e.[1]     Restraint by court order or order of public authority; and

        f.     Strikes.

        12.     This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply

---

[1] The Court notes the original Consent Decree signed by the parties also omits a letter "d" for purposes of the list.

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 7

to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

13. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

14. This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates ten (10) years after that date or upon completion of all requirements (whichever is later).

15. Both Parties have participated in drafting this Consent Decree.

16. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

18. Notifications required by this Consent Decree must be in writing and via email. For a notice or other communication regarding this Consent Decree to be valid, it must be sent to the receiving Party at the one or more email addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

//

//

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 8

**If to Spokane Riverkeeper:**

    Katelyn Scott

    Spokane Riverkeeper

    katy@spokaneriverkeeper.org

**And to:**

    Richard Smith

    Katelyn Kinn

    Smith & Lowney PLLC

    richard@smithandlowney.com

    katelyn@smithandlowney.com

**If to Town of Spangle:**

    Melissa Holling

    Mayor, Town of Spangle

    mcholling@gmail.com

    Peggy Mangis

    Clerk, Town of Spangle

    Townofspangle@gmail.com

**And to:**

  Megan C. Clark

  Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C.

  mclark@ettermcmahon.com

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 9

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective the day it is transmitted. An email is effective the day it is sent so long as it is sent by 5:00 p.m. and on a business day, or else it is effective the following business day.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 26th day of June 2025.



_____
Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE** ~ 10